IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHARLES RAY MOSLEY | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | NO. 3-11-CV-0127-O-BD |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Respondent has filed a motion to dismiss this section 2254 habeas case for lack of subject matter jurisdiction. For the reasons stated herein, the motion should be denied.

I.

On March 17, 2010, petitioner pled guilty to burglary of a building and was sentenced to 240 days in prison. At the time that offense was committed, petitioner was on parole for burglary of a habitation. His parole was revoked as a result of the new conviction. In his federal writ, petitioner challenges his 2010 conviction for burglary of a building on the grounds that: (1) the trial court lacked subject matter jurisdiction; and (2) the state breached the plea agreement. Respondent counters that the court lacks jurisdiction to consider these claims because petitioner had fully discharged his 240-day sentence at the time he filed his federal writ. The threshold issue of subject matter jurisdiction has been fully briefed by the parties, and the motion is ripe for determination.

## II.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing cases). However, federal habeas jurisdiction exists if there is a "positive, demonstrable relationship" between an expired conviction and the present incarceration, such as when an expired conviction is used to revoke the petitioner's parole. *See Williams v. Dretke*, No. 05-20303, 2006 WL 707135 at *1 (5th Cir. Mar. 21, 2006); *Brattain v. Cockrell*, 281 F.3d 1279 (Table), 2001 WL 1692470 at *2 (5th Cir. Nov. 27, 2001); *Reeves v. Quarterman*, No. 3-08-CV-1512-B, 2009 WL 3681976 at *3-4 (N.D. Tex. Nov. 4, 2009). Although petitioner discharged his 240-day sentence for burglary of a building on August 18, 2010 -- more than five months before his federal writ was filed -- that conviction was used to revoke his parole on a prior conviction for which he is presently incarcerated. Therefore, federal habeas jurisdiction is proper.

## **RECOMMENDATION**

Respondent's motion to dismiss for lack of subject matter jurisdiction [Doc. #7] should be denied. A separate Show Cause Order will issue today.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 4, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE