# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CHARLES RAY MOSLEY, | § |
| Petitioner, | § |
| v. | § Civil Action No. 3:11-CV-0127-O |
| RICK THALER, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § |
| Respondent. | § |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge filed on April 4, 2011 (ECF No. 15) in accordance with 28 U.S.C. § 636(b)(1) and Respondent's Answer and Brief in Support (ECF No. 18). Petitioner Mosley filed his petition for writ of habeas corpus on January 19, 2011. *See* ECF No. 1. Respondent moved to Dismiss the petition for lack of subject matter jurisdiction on March 7, 2011. *See* ECF No. 7. The Magistrate Judge recommends denying Respondent's Motion to Dismiss for lack of subject matter jurisdiction. *See* ECF No. 15. After reviewing all relevant matters of record in this case, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Respondent contends that this Court lacks subject matter jurisdiction over Petitioner's petition under 28 U.S.C. § 2254. Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus from persons "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254. "A habeas petitioner may attack a prior conviction

used to enhance his punishment." *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995). "The jurisdictional requirement of 'in custody' is satisfied by reading the petition as a challenge to the current conviction." *Id.* (citing *Maleng v. Cook*, 490 U.S. 488, 493-94 (1989)). In *Brattain v. Cockrell*, the Fifth Circuit analyzed the "in custody" jurisdictional requirement in light of petitioner's contention that the prior conviction resulted in revocation of his parole. No. 00-10538, 2001 WL 1692470 (5th Cir. Nov. 27, 2001). The Court held that in order for a petition substantively attacking a prior conviction to act as an attack on a current conviction and therefore satisfy the "in custody" requirement, the petitioner "must show that his parole was revoked because of the [prior] conviction." *Id.* at *2.

In the instant case, on March 17, 2010 petitioner pled guilty to burglary and was sentenced to 240 days in prison. *See* Findings, Conclusions and Recommendation ("FCR") 1, ECF No. 15. At the time he committed the burglary, petitioner was on parole for burglary of a habitation. *Id.* Subsequent to petitioner's new conviction, his parole was revoked. *Id.* Petitioner contends that his parole was revoked as a result of his conviction for the March, 2010 burglary. *Id.* He challenges that conviction on the grounds that the trial court lacked subject matter jurisdiction, and the state breached its plea agreement. *Id.* Respondent contends that petitioner's parole was revoked for four reasons: 1) failing to report; 2) the March 2010 burglary conviction; 3) an evading arrest conviction; and 4) failing to abide by a special condition. *See* Resp.'s Answer & Br. Supp. 2, ECF No. 18. However, petitioner need only make a "reasonable showing that his [March 2010] conviction caused revocation of his parole." *Brattain*, No. 00-10538, 2001 WL 1692470, at *2. Petitioner has made a reasonable showing that his March 2010 conviction resulted in revocation of his parole.

Accordingly, for foregoing reasons the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge. It is therefore **ORDERED** that Respondents Motion to

Dismiss for lack of subject matter jurisdiction is hereby **DENIED**. It is further **ORDERED** that this matter is once more **REFERRED** to United States Magistrate Judge Kaplan pursuant to 28 U.S.C. § 636.

**SO ORDERED** on this **28th** day of **April, 2011.**

_____
**Reed O'Connor
UNITED STATES DISTRICT JUDGE**