IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES RAY MOSLEY § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 3-11-CV-0127-O-BD |
| § | |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Ray Mosley, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

On March 17, 2010, petitioner pled guilty to burglary of a building and was sentenced to 240 days in a state jail facility. No appeal was taken. Instead, petitioner filed two applications for state post-conviction relief. The first application was dismissed for lack of jurisdiction because petitioner had discharged his sentence. *Ex parte Mosley*, WR-47,779-10 (Tex. Crim. App. Dec. 8, 2010). The second application was dismissed for abuse of the writ. *Ex parte Mosley*, WR-47,779-11 (Tex. App. Jan. 12, 2011). Petitioner then filed this action in federal district court.

II.

Petitioner challenges his now expired burglary conviction on two grounds: (1) the trial court lacked subject matter jurisdiction; and (2) his guilty plea was involuntary.[1]

---

[1] Although petitioner discharged his 240-day sentence for burglary of a building on August 18, 2010 -- more than five months before this writ was filed -- federal habeas jurisdiction is proper because the conviction was used to revoke

A.

As best the court understands petitioner's jurisdictional argument, he appears to contend that the trial court lacked subject matter jurisdiction because he should have been charged with the misdemeanor offense of criminal trespass rather than the felony offense of burglary of a building. In Texas, jurisdiction is conferred on a felony court by the filing of a valid indictment charging the defendant with a felony offense. *See, e.g. Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009), *citing Bruce v. State*, 419 S.W.2d 646, 647 (Tex. Crim. App. 1967). An indictment is valid if it sets forth the essential elements of the offense and provides the defendant with sufficient notice to allow him to prepare a defense. *See Cook v. State*, 902 S.W.2d 471, 475-76 (Tex. Crim. App. 1995) (citing cases). Here, the indictment alleges that petitioner:

> On or about the 22nd day of December A.D., 2009, in the County of Dallas and [State of Texas], did unlawfully, intentionally and knowingly enter a building not then and there open to the public, without the effective consent of CONNIE CASILLAS, the owner thereof, with the intent to commit theft[.]

*Ex parte Mosley*, WR-47,779-10, Tr. at 53. The indictment generally tracks the statutory language for burglary of a building, a third degree felony under Texas law. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1999). Thus, felony jurisdiction was proper. *See Davis v. Thaler*, No. 3-07-CV-0167-B-BD, 2010 WL 2034791 at *3 (N.D. Tex. Mar. 26, 2010), *rec. adopted*, 2010 WL 2034777 (N.D. Tex. May 19, 2010), *COA denied*, No. 10-10596 (5th Cir. Mar. 7, 2011) (indictment tracking language of felony offense under state law sufficient to confer subject matter jurisdiction on trial court).

---

his parole on a prior conviction for which petitioner is still incarcerated. *See Mosley v. Thaler*, No. 3-11-CV-0127-O-BD, 2011 WL 1633136 at *1 (N.D. Tex. Apr. 4, 2011), *rec. adopted*, 2011 WL 1633135 (N.D. Tex. Apr. 28, 2011) (citing cases) (federal habeas jurisdiction exists if there is a "positive, demonstrable relationship" between an expired conviction and the present incarceration, such as when an expired conviction is used to revoke the petitioner's parole).

To the extent petitioner contends that he is actually innocent of the offense charged in the indictment, that argument is without merit. First, a claim of actual innocence, standing alone, is insufficient to merit habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001). Second, as part of his plea agreement, petitioner admitted that he committed the offense of burglary of a building "exactly as alleged in the charging instrument." *Ex parte Mosley*, WR-47,779-10, Tr. at 46. Although petitioner now maintains that the parking garage he unlawfully entered is not a "building" for purposes of the Texas burglary statute, Texas courts have rejected similar arguments. *See, e.g. Spencer v. State*, 789 S.W.2d 397, 400-01 (Tex. App. -- Dallas 1990, no pet.), *citing* TEX. PENAL CODE ANN. § 30.01(2) (warehouse with walls on three sides and a chain-link fence on fourth side, secured by gate, was a "building" within the meaning of the Texas burglary statute); *Batiste v. State*, No. 01-93-00096-CR, 1993 WL 460071 at *2-3 (Tex. App. -- Houston [1st Dist.], Nov. 10, 1993, no pet.) (same as to detached garage capable of being closed and secured).

B.

Petitioner alleges that his guilty plea was involuntary because the prosecutor promised that he could serve his 240-day sentence in a county jail instead of a state jail facility, and that the judge ordered that the sentence be served in a county jail. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572,

574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993), *citing United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979), *cert. denied*, 100 S.Ct. 1080 (1980). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Davis v. Quarterman*, No. 3-08-CV-2145-L, 2009 WL 1058059 at *2 (N.D. Tex. Apr. 17, 2009).[2]

The plea agreement signed by petitioner, his attorney, and the prosecutor recommended a sentence of "240 days [in a] *state jail*." *Ex parte Mosley*, WR-47,779-10, Tr. at 44 (emphasis added). That recommendation was well-within the punishment range of 180-days to two years confinement for a state jail felony. *Id.*, Tr. at 45. Petitioner acknowledged that he understood the nature of the charges against him and the range of punishment, that his plea was freely and voluntarily made, and that he was not influenced by any consideration of fear or persuasion. *Id.*, Tr. at 46. Nowhere in the written plea documents did the prosecutor promise that petitioner could serve his sentence in a county jail instead of a state jail facility. Nor did the judge order that petitioner serve his sentence in a county jail. Petitioner's conclusory assertion to the contrary does not merit habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627. Because the requirements of Rule 11 and Tex. R. Crim. Proc. Ann. art. 26.13 are substantially similar, *compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art. 26.13, it follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Davis*, 2009 WL 1058059 at *2 n.1.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied. His motion for summary judgment [Doc. #23], which seeks relief on essentially the same grounds, should also be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE